UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

O'NEAL BOSLEY                                                  CIVIL ACTION

VERSUS

LOUISIANA DEPARTMENT OF               NO.: 18-00737-BAJ-RLB
PUBLIC SAFETY DEPARTMENT
OF MOTOR VEHICLES

## RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 6)** filed by Defendant. Plaintiff filed a response.[1] (Doc. 7). For the reasons stated herein, the **Motion to Dismiss (Doc. 6)** is **GRANTED**.

I.     BACKGROUND

*Pro se* Plaintiff owned a driving school that was closed by Defendant on March 25, 2014. (Doc. 1 at p. 1). Plaintiff alleges that Defendant claimed Plaintiff's school was not licensed, even though it actually was. (*Id.*) Plaintiff asserts that Defendant's true motive for closing the school was racially discriminatory. Plaintiff, who is African American, asserts that other driving schools with white owners were opening up in the state, and that Defendant sought to close Plaintiff's school solely because he was African American. (*Id.*)

Plaintiff seeks both injunctive relief and damages. (Doc. 3 at p. 2). It is unclear what legal claims Plaintiff seeks to bring, as his complaint is devoid of citations to constitutional or federal statutory law. The Court will assume that Plaintiff seeks to

---

[1] The Court notes for clarity that Plaintiff's response is presented as a Motion to Deny Defendant Motion to Dismiss [*sic*]. Plaintiff also moves for summary judgment in the same document.

bring Title VII and §1983 Fourteenth Amendment Equal Protection claims because the gist of Plaintiff's complaint appears to be racial discrimination. The Court will not infer any other legal claims from the facts alleged. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (holding that although district courts must construe *pro se* complaints liberally, courts cannot be expected to construct full blown claims from sentence fragments). Defendant seeks to dismiss Plaintiff's claims based on (1) lack of subject matter jurisdiction under Rule 12(b)(1) and (2) failure to state a claim under Rule 12(b)(6).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a claim is " 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). To "prevent[ ] a court without jurisdiction from prematurely dismissing a case with prejudice," a court should consider a Rule 12(b)(1) motion for lack of subject-matter jurisdiction before addressing any motions that concern the merits of a case. *Id.* at 286–87 (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). That standard seeks to determine whether "a complaint ... contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

2

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

### III. DISCUSSION

#### A. Title VII Claim

To the extent Plaintiff seeks to bring a Title VII racial discrimination claim, Defendant argues that the Court lacks subject matter jurisdiction to hear the case because Plaintiff failed to file a charge of discrimination with the Equal Opportunity Employment Commission or a comparable state agency before filing suit. (Doc. 6-1 at p. 6). The Court agrees. Timely filing of an EEOC charge is a prerequisite to bringing suit under Title VII. *Price v. Choctaw Glove & Safety Co., Inc.*, 459 F.3d 595, 598 (5th Cir. 2006). There is no indication in Plaintiff's complaint that he filed an EEOC charge. Therefore, the Court is without jurisdiction to hear Plaintiff's Title VII claim.

#### B. § 1983 Claim

Plaintiff also appears to have properly alleged the elements of a Fourteenth Amendment equal protection claim under 42 U.S.C. §1983. To state a claim under the Equal Protection Clause, a plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class, which

3

includes race. *Washington v. Davis*, 426 U.S. 229, 247-48 (1976). In this instance, Plaintiff alleges that Defendant closed his driving school because he is African American. This, on its face, is a valid equal protection claim.

Even so, the Court concludes that it lacks subject matter jurisdiction to hear Plaintiff's claim because it is barred by the Eleventh Amendment. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars private suits in federal court against states, including § 1983 suits against state agencies. *Quern v.* Jordan, 440 U.S. 332, 339 (1979). *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984); *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir.1998).

Whether an entity can be considered an agency of the state turns on the entity's (1) status under state statutes and case law, (2) funding, (3) local autonomy, (4) concern with local or statewide problems, (5) ability to sue in its own name, and (6) right to hold and use property. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313 (5th Cir. 1999). The United States Court of Appeals for the Fifth Circuit has already held that these factors weigh in favor of qualifying Defendant as an agency of the state. *Id.* at 314. *See also Hanna v. LeBlanc*, 716 Fed. Appx. 265, 268 (5th Cir. 2017) (holding that Louisiana's Department of Public Safety and Office of Motor Vehicles are entitled to Eleventh Amendment Immunity). Accordingly, the

Eleventh Amendment renders the Court without jurisdiction to hear Plaintiff's §1983 claim.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss (Doc. 6)** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

Baton Rouge, Louisiana, this 20th day of May, 2019.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**